UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SASHA WEBER,<br><br>                Plaintiff,<br>   v.<br><br>CITY OF ROY, a municipal corporation, and DARWIN ARMITAGE, in his official and individual capacities,<br><br>                Defendants. | CASE NO. 19-cv-5107-RJB<br><br>ORDER GRANTING DEFENDANTS' MOTION FOR LEAVE TO FILE AMENDED ANSWER AND COUNTERCLAIMS |

     THIS MATTER comes before the Court on Defendants' Motion for Leave to File Amended Answer and Counterclaims. Dkt. 11. The Court has considered the motion and any materials filed in support and opposition thereto, and it is fully advised.

     For the reasons discussed below, Defendant's Motion for Leave to File Amended Answer and Counterclaims should be granted.

ORDER GRANTING DEFENDANTS' MOTION FOR LEAVE TO FILE AMENDED ANSWER AND COUNTERCLAIMS - 1

# **BACKGROUND**

Plaintiff's claims arise out of a traffic stop that took place on September 1, 2017. Dkt. 1. Plaintiff alleges that Defendant Police Chief Darwin Armitage used excessive force and racial profiling in the course of the stop. Plaintiff filed her complaint in Pierce County Superior Court on January 14, 2019, and Defendants removed the case to this Court on February 8, 2019. Defendants filed their answer to Plaintiff's complaint on March 4, 2019.

After the Parties exchanged limited discovery, Defendants decided to pursue counterclaims of intentional infliction of emotional distress, defamation, false light, and malicious prosecution. Dkt. 11, at 2–3. These claims are based upon alleged statements and social media posts made by Plaintiff after the traffic stop incident. Dkt. 12-1, at 40. Defendants requested that Plaintiff stipulate to Defendants' proposed amended answer, including the counterclaims, but Plaintiff's counsel declined. Dkt. 12-1, at 39.

Plaintiff filed the instant motion for leave to amend on August 5, 2019. Dkt. 11.

Plaintiff filed a response in opposition to the instant motion. Dkt. 14. Plaintiff argues that the counterclaims are frivolous, unduly delayed, and futile. Dkt. 14. Plaintiff argues that the counterclaims stem from incidents that occurred on September 2, 2017, and September 5, 2017, and are subject to a two-year statute of limitations, except for malicious prosecution, which has a three-year statute of limitations. Dkt. 14 at 1–3. Plaintiff argues, "Unless the Court grants the Defendants' Motion before September 2, 2019, the statute of limitations will run as to anything contained in Ms. Weber's September 2, 2017 Facebook posting. The same holds true for the September 5, 2017 Facebook posting." Dkt. 14, at 3.

Defendants filed a reply in support of the instant motion for leave to amend. Dkt. 15. Defendants argue, in part, that the claims are not time-barred and, even if the Court were to rule

on the instant motion after September 2, 2019, or September 5, 2019, the amendments would relate back to Defendants March 4, 2019 Answer to Plaintiff's Complaint for Damages. Dkt. 15.

### STANDARD ON MOTION TO AMEND

Under Fed. R. Civ. P. 15(a)(1), "[a] party may amend its pleading once as a matter of course within (A) 21 days after serving it or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading . . ." Rule 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." A motion to amend under Rule 15(a)(2) "generally shall be denied only upon showing of bad faith, undue delay, futility, or undue prejudice to the opposing party." *Chudacoff v. University Medical Center of Southern Nevada,* 649 F.3d 1143, 1152 (9th Cir. 2011).

### DISCUSSION

Defendants' instant motion for leave to amend should be granted. Plaintiff has not shown bad faith, undue delay, futility, or that Plaintiff will suffer undue prejudice if Defendants are given leave to file the proposed amendments. Therefore, Defendants' instant motion for leave to amend should be granted, and Defendants should be given until September 10, 2019, to file a clean copy of their amended answer and counterclaims.

Because the Court will rule on this motion before September 2, 2019, it need not discuss whether the proposed amendments relate back to Defendants' March 4, 2019 answer.

### ORDER

Therefore, it is hereby **ORDERED** that:

- Defendants' Motion for Leave to File Amended Answer and Counterclaims (Dkt. 11) is **GRANTED**; and

ORDER GRANTING DEFENDANTS' MOTION FOR LEAVE TO FILE AMENDED ANSWER AND COUNTERCLAIMS - 3

- Defendants shall file a clean copy of the Amended Answer and Counterclaims by **September 10, 2019.**

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 27th day of August, 2019.

*Robert J. Bryan* (signature)

ROBERT J. BRYAN
United States District Judge